IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 3:11CR079-HEH** |
| | ) | |
| JOHN FRANKLIN TYLER, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING POSITION

COMES NOW the United States of America, by its United States Attorney for the Eastern District of Virginia, Neil H. MacBride, and his Assistant United States Attorney, Angela Mastandrea-Miller, and files its Sentencing Position in the above-captioned matter.

## INTRODUCTION

**Procedural History:**

In March, 2011, a two-count Criminal Indictment was returned by a Richmond Grand Jury charging the defendant, John Franklin Tyler, with Possession with the Intent to Distribute 500 grams or More of Cocaine Hydrochloride, and Possession with the Intent to Distribute Heroin. The defendant was arrested on March 2, 2011 on the instant charges, and was held in federal custody pending trial. On June 8, 2011, in accordance with the terms of a written Plea Agreement, Tyler pled guilty to Count One of the Indictment. Sentencing is scheduled for September 9, 2011 before this Honorable Court.

**Sentencing Position of the United States:**

The United States has no objections, corrections or amendments to the Presentence Report. The United States agrees with the calculation of the Advisory Guideline range in the Presentence Report and Worksheet Attachments, including the finding that the defendant qualifies as a career offender pursuant to United States Sentencing Guidelines, § 4B1.1, in that the defendant was at least 18 years old at the time he committed the instant offense; the instant offense is for a controlled substance offense; and the defendant has at least two prior convictions for controlled substance offenses.

The probation officer has correctly determined that this defendant's base offense level for this drug charge is Level 31, and that the defendant's Criminal History category is VI, resulting in a guideline range of 188 to 235 months' incarceration, with a period of at least 4 years of supervised release to follow. The United States recommends a sentence of 188 months for this drug trafficking offense, and in support thereof states as follows:

    1.    <u>A Guideline Sentence is Consistent with the Goals of 18 U.S.C. §3553</u>

When sentencing a defendant a district court must consider the advisory guideline range and other relevant sentencing factors as outlined in 18 U.S.C. §3553(a)(2005). <u>See</u> <u>United States v. Hughes</u>, 401 F.3D 540 (4th Cir. 2005). These factors include the need for the sentence imposed:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes for the defendant; and

  (D)  to provide the defendant with needed educational or vocational training; medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a).

  The factors also include "the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

  A. <u>Seriousness of the Offense</u>

  In this case, the defendant was convicted upon a plea of guilty to Possession with the Intent to Distribute 500 grams or more of Cocaine Hydrochloride, and was held responsible for having possessed with the intent to distribute at least 500 grams but less than 2 kilograms of cocaine base during and in furtherance of the charged offense.

  <u>Adult Criminal Convictions</u>

  The defendant has two prior felony drug trafficking convictions, and one prior misdemeanor drug conviction.

  In 1993, the defendant was charged with Accessory after the Fact - Cocaine, and in October of 1995 was sentenced to 12 months incarceration, with all of the time suspended conditioned upon the defendant being of good behavior for 2 years. The defendant was arrested in April, 1995 and charged with numerous violations, including reckless driving, driving on a suspended license, eluding, and three counts of providing false information to a police officer (April 3, 1995, and April 1, 1995).

  In 2001, at age 25, the defendant was arrested, charged, and subsequently convicted of Possession With the Intent to Distribute Cocaine Base. He received a sentence of 5 years imprisonment, with 4 years and 3 months suspended conditioned on 10 years of good behavior. The defendant was also placed on supervised probation. In 2001, he was also convicted of

Habitual Offender and Fraudulent Use of a Birth Certificate. He was sentenced to a term of incarceration for these two convictions, and an additional term of 9 months incarceration for the drug trafficking offense, for a total term of incarceration of 22 months.

In 2003, the defendant was arrested on yet another drug trafficking crime and was charged federally with distribution of 50 grams or more of crack cocaine. He was sentenced on February 20, 2004 before the Honorable Chief Judge James R. Spencer to a term of incarceration of 156 months, with five years of supervised release to follow. One year later, the defendant's sentence was reduced to 110 months, and in January, 2009, he received a further reduction to 98 months. The defendant was released from the Bureau of Prisons to begin his supervised release term on June 11, 2010. Nine months after beginning this five year term of supervised release, the defendant was arrested on the instant federal charges.[1]

In addition to the two prior drug trafficking crimes, the defendant has prior convictions for reckless driving; eluding police, providing false information to a police officer (6 convictions in total); driving on a suspended license (5 convictions); Habitual Offender (4 convictions); obstruction of justice, disorderly conduct, and fraudulent use of a birth certificate. The fact that he has amassed 23 convictions clearly shows that not only is he engaged in drug trafficking, but he clearly has little respect for the law, or for orders of the court.

---

[1] A hearing on the defendant's Supervised Release Violation has been scheduled before Judge Spencer immediately following the defendant's sentencing hearing on the instant charges. The United States and Counsel for the defendant have agreed to recommend a term of incarceration of two years to run consecutive to the sentence imposed in this case.

For the 23 prior convictions the defendant has incurred, he was assessed only 9 criminal history points. That is, he was assessed *zero criminal history points* for 18 convictions. The defendant was assessed two additional Criminal History points because he committed the instant offense while on federal supervision. Despite the fact that the majority of his criminal convictions were assessed no criminal history points, the defendant still managed to find himself in a Criminal History category of V, prior to the finding that he qualifies as a Career Offender, placing him into Criminal History Category VI..

B.  Need to Deter Future Criminal Conduct and Promote Respect for the Law

This defendant has been given numerous chances throughout his adult life to turn his life around and seek legitimate employment, but he has elected to engage in drug trafficking. None of the defendant's prior contacts with the judicial system has deterred him from engaging in criminal conduct. The defendant has not demonstrated that he has respect for the law, and the likelihood that he will continue to engage in criminal conduct, as well as the defendant's disregard for the law, justify a sentence within the career offender advisory guideline range, and the United States urges this Court to impose such a sentence.

C.  Need to Protect the Public from the Defendant's Future Criminal Conduct

The ease of obtaining illegal narcotics, including "crack" cocaine and Cocaine Hydrochloride, has contributed to an ever- increasing number of users and addicts. The increased trafficking of drugs has resulted in increased violence, particularly in densely populated urban areas. A sentence within the guideline range is appropriate based on the defendant's criminal history, his lack of respect for the law, and the need to protect the public from the defendant's future crimes. A sentence within the guideline range may also serve to deter others from

following this defendant's decision to become a drug dealer.

Not one of the defendant's prior convictions – including a conviction for which a sentence of 156 months was imposed – has deterred him from continuing to engage in serious criminal activity. It is clear that absent a significant term of imprisonment, this defendant will resume drug trafficking upon his release from prison.

### D.  Need to Provide Substance Abuse Treatment to Defendant

The presentence report indicates that the defendant completed the 500-hour drug treatment program while in the custody of the Bureau of Prisons. He reports that he is an occasion user of cocaine and has tried heroin a couple of times (see PSR at ¶¶ 61-62). He describes himself as a social user of alcohol. Because the defendant does not appear to have a serious drug addiction, has already completed the 500 hour drug treatment program, and has participated in an aftercare program while at the halfway house, it does not appear that he will benefit from additional drug treatment. The defendant completed a number of programs while in custody, but many benefit from additional educational and vocational training so that when he is released from prison he will be able to find legitimate employment. (see PSR at ¶¶ 63-64).

### E.  Need to Avoid Unwarranted Disparities

The defendant has spent nearly his entire adult life engaged in criminal activity, and his decision to engage in these illegal activities persisted even after he was convicted for drug trafficking offenses and sentenced to a significant term of incarceration. His criminal history has resulted in his designation as a Career Offender with a guideline range of 188 to 235 months' incarceration, to be followed by at least four years of supervised release. Sentencing the defendant to a term of incarceration within the Career Offender advisory guideline range will

ensure that there is no unwarranted disparity between his sentence and other similarly situated drug traffickers.

## CONCLUSION

For all of the foregoing reasons, the United States respectfully asks that, after considering the appropriate guideline range, and all of the sentencing factors set forth in 18 U.S.C. § 3553(a), this Court sentence the defendant to a term of incarceration within the Career Offender advisory guideline range of 188 months, to be followed by a term of at least five years of supervised release.

        Respectfully submitted,

        NEIL H. MacBRIDE
        UNITED STATES ATTORNEY

By:     _____/s/_____
        Angela Mastandrea-Miller
        Assistant United States Attorney
        United States Attorney's Office
        600 East Main Street, Suite 1800
        Richmond, Virginia 23219-2447
        Telephone-804-819-5400
        Fax-804-771-2316
        *email:* Angela.Miller3@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Amy L. Austin, Esq.
    Assistant Federal Public Defender
    Office of the Federal Public Defender
    701 East Broad Street, Suite 3600
    Richmond, Virginia 23219
    Telephone: 804-565-0875

The United States will also provide a copy of the foregoing to Susan A. Newlen, United States Probation Officer, via facsimile, e-mail and/or hand delivery.

    _____/s/_____
    Angela Mastandrea-Miller
    Assistant United States Attorney
    United States Attorney's Office
    600 East Main Street, Suite 1800
    Richmond, Virginia 23219-2447
    Telephone-804-819-5400
    Fax-804-771-2316
    *email: Angela.Miller3@usdoj.gov*